UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NORMA KATHLEEN CRAFTON,**

    Plaintiff,

v.                                                                                    Case No: 5:13-cv-117-Oc-18PRL

**COMMISSIONER OF SOCIAL SECURITY**

    Defendant.

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Disability Insurance Benefits ("DIB"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

### I. Procedural History and Summary of the ALJ's Decision

In June 2010, Plaintiff filed an application for DIB, alleging a disability onset date of July 14, 2003. (Tr. at 114). The Social Security Administration denied this application initially and upon reconsideration. (*Id.* at 64-65). Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 73, 86). On September 16, 2011, the ALJ found Plaintiff not disabled. (*Id.* at 34).

In a written decision, the ALJ made the following findings. (Tr. at 24-34). Plaintiff last met the insured status requirements on December 31, 2008. (*Id.* at 26). At step one, Plaintiff

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

had not engaged in substantial gainful activity between July 14, 2003, and December 31, 2008. (*Id.*). At step two, Plaintiff had the severe impairments of residuals from an ankle fracture and obesity and the non-severe impairments of depression, anxiety, and somatization. (*Id.* at 26, 28). Although Plaintiff alleged memory impairment and a minor brain injury caused by a car accident, the ALJ found no evidence of diagnoses of memory deficits or a brain injury in the medical record. (*Id.* at 26-27). Thus, Plaintiff's alleged memory problems and brain injury were not medically determinable impairments. (*Id.* at 27). At step three, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 29). Plaintiff had the residual functional capacity ("RFC") to perform a wide range of light work. (*Id.* at 30). Plaintiff could lift 20 pounds occasionally; lift 10 pounds frequently; sit, stand, and walk throughout the workday; occasionally climb ramps and stairs; and could never climb ladders, ropes, or scaffolds. (*Id.*). At step four, Plaintiff could perform her past relevant work as a bookkeeper, secretary, or office manager. (*Id.* at 33).

The Appeals Council denied review on January 18, 2013. (Tr. at 1). The Appeals Council stated that it had considered Plaintiff's arguments and additional evidence, but that it found no reason to review the ALJ's decision. (*Id.* at 1-2). Specifically, the Appeals Council considered records from: (1) Shands Hospital Jacksonville, dated July 14, 2003, to August 5, 2003; (2) Jacksonville Fire Rescue, dated July 14, 2003; and (3) Dr. Berrey, dated October 5, 2011 and May 8, 2012. (*Id.* at 2). The Appeals Council explained that this evidence did not render the ALJ's decision contrary to the weight of the evidence in the entire record. (*Id.*). The Appeals Council also received Dr. Poetter's January 18, 2012, psychological evaluation, but it explained that the ALJ's decision went through December 31, 2008. (*Id.*). Thus, this 2012 evaluation did

not affect the decision of whether Plaintiff was disabled through the end of 2008. (*Id.*). Plaintiff filed a complaint in this Court on March 7, 2013. (Doc. 1).

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected either to result in death or to last for a continuous period of not fewer than 12 months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (*citing Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356,

1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III. Relevant Evidence and Arguments on Appeal

Plaintiff testified that she fractured or broke numerous bones in a car accident, including her ankle, leg, hand, and wrist. (Tr. at 44). She also suffered from confusion due to the air bag deploying. (*Id.*). She underwent two surgeries, was unable to walk for several months, and suffered from memory problems after the surgeries. (*Id.* at 44-45).

On appeal, Plaintiff first argues that the ALJ erred by crediting only certain aspects of Dr. Bojarski's opinion rather than crediting the full opinion. (Doc. 13 at 9-13). Second, Plaintiff argues that the Appeals Council did not adequately consider the new evidence. (*Id.* at 13-18).

### IV. Analysis

#### A. *Dr. Bojarski's Opinion*

Plaintiff first argues that the ALJ did not fairly characterize or assess Dr. Bojarski's opinion—specifically, the conclusions related to Plaintiff's ability to manage stress and conflict. (Doc. 13 at 9, 11-12). Additionally, the vocational expert ("VE") did not testify as to the effect of stress on Plaintiff's ability to function. (*Id.* at 12). Plaintiff notes that Dr. Bojarski examined Plaintiff after the ALJ held the hearing, which means that the ALJ would have had to hold a second hearing for a VE to be able to testify about Plaintiff's ability to manage stress. (*Id.*).

The ALJ is not required to include findings in the hypothetical questions to the VE if the ALJ has properly rejected such findings as unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). "[T]he mere existence of . . . impairments does not reveal the

extent to which they limit [the claimant's] ability to work . . . ." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Here, the ALJ did not err in evaluating Dr. Bojarski's opinion or in failing to ask the VE to address Plaintiff's ability to manage stress. The ALJ concluded that Plaintiff's mental impairments were not severe and that, therefore, she did not require accommodations related to the mental requirements of work activities. (Tr. at 32). This determination is supported by Dr. Bojarski's evaluation. Dr. Bojarski noted that Plaintiff's responses suggested that she reacted to stress with somatic symptoms and had difficulty with managing routine affairs, memory problems, concentration, and making decisions. (*Id.* at 342). However, as the ALJ discussed, the testing that Dr. Bojarski performed indicated that Plaintiff did not have memory or concentration deficits, and Dr. Bojarski opined that, based on the test results, Plaintiff's impairments did not affect her ability to interact appropriately in a work setting or to understand, remember, and carry out instructions. (*See id.* at 32-33, 334-35, 341-42). Notably, Dr. Bojarski did not opine that Plaintiff had any limitations making judgments on complex work-related decisions, responding appropriately to usual work situations, or responding appropriately to changes in a routine work setting. (*See id.* at 334-35). Further, in response to a question asking whether Plaintiff had any other capabilities that were affected by her impairments, Dr. Bojarski noted only that Plaintiff had "obvious physical limitations," not that she had any limitations related to managing stress and conflict. (*See* Tr. at 335). As Dr. Bojarski's opinion did not include any limitations related to Plaintiff's purported difficulty handling stress and conflict, the ALJ was not required to include the mere existence of difficulty handling stress and conflict in the RFC or hypothetical questions to the VE. *See Moore*, 405 F.3d at 1213 n.6; *Crawford*, 363 F.3d at 1161. Accordingly, the ALJ did not err in evaluating Dr. Bojarski's opinion.

### B. *Evidence Submitted to the Appeals Council*

Next, Plaintiff argues that the Appeals Council did not properly assess Dr. Berrey's October 5, 2011, and May 8, 2012, opinions or Dr. Poetter's January 18, 2012, opinion. (Doc. 13 at 13, 17). Plaintiff argues that the Appeals Council should have remanded based on these opinions because they contradicted the ALJ's opinion. (*Id.* at 13-14). The Appeals Council believed that Dr. Poetter's opinion did not relate to the relevant time period, but the opinion itself states that the limitations began in July 2003. (*Id.* at 15-16). Additionally, Plaintiff argues that Dr. Berrey's opinions were material because Dr. Berrey was a long-time treating physician, and the opinions addressed Plaintiff's limitations beginning in 2003 and 2004. (*Id.* at 16-17). Dr. Berrey opined that Plaintiff needed a scooter to travel long distances, but the ALJ found that she could sit, stand, and walk throughout the day. (*Id.* at 16). The ALJ did not specify how many hours of sitting, standing, and walking Plaintiff could tolerate, nor did she include in the RFC the need for Plaintiff to use assistive devices or to change positions. (*Id.* at 16-17). Finally, Plaintiff asserts that the Appeals Council's perfunctory assessment of Dr. Berrey's and Dr. Poetter's opinions was insufficient. (*Id.* at 17-18).

"With a few exceptions, the claimant is allowed to present new evidence at each stage of [the] administrative process." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (*quoting* 20 C.F.R. § 404.970(b)). Under sentence four of § 405(g), "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Id.* at 1262. In reviewing such evidence, the Appeals Council

need not provide a thorough explanation. *Mansfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010) (explaining that, "[b]ecause a reviewing court must evaluate the claimant's evidence anew, the Appeals Council was not required to provide" more than a conclusory explanation as to why the new evidence would not have changed the administrative outcome).

Evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative outcome." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (addressing the standard to remand a case where a claimant presents new evidence to the district court).

A claimant seeking Disability Insurance Benefits must prove she is disabled on or before her last insured date. *Moore*, 405 F.3d at 1211. A retrospective medical opinion—"a physician's post-insured-date opinion that the claimant suffered a disabling condition prior to the insured date"—is to be discounted if it is inconsistent with the medical evidence that pre-dates the last insured date. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 832 (11th Cir. 2011). Thus, where a doctor did not evaluate a claimant until after the last insured date, that doctor's "opinion was a retrospective diagnosis that was not entitled to deference unless corroborated by contemporaneous medical evidence of a disabling condition." *Id.*

"[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005).

Here, the Appeals Council did not err in evaluating the new evidence. First, although the Appeals Council failed to recognize that Dr. Poetter indicated that the limitations noted in his opinion would have been in effect on July 14, 2003, (*see* Tr. at 2, 423), any error was harmless because Dr. Poetter's opinion was not material evidence, *see Wright*, 153 F. App'x at 684. That

is, Dr. Poetter's January 2012 opinion is a retrospective opinion, as it post-dates Plaintiff's last insured date of December 31, 2008. *See Mason*, 430 F. App'x at 832; (Tr. at 26, 423). Thus, to be material evidence, Dr. Poetter's opinion would have to be consistent with the medical evidence pre-dating Plaintiff's last insured date. *See Mason*, 430 F. App'x at 832. However, the undersigned has identified no medical evidence in the record pre-dating December 31, 2008, that would corroborate Dr. Poetter's findings of mental limitations. Nor has Plaintiff identified any such corroborating evidence in her memorandum. (*See generally* Doc. 13). Accordingly, Dr. Poetter's report was not material evidence, as there is no reasonable possibility that it would have changed the administrative outcome if it had been considered by the ALJ. *See Caulder*, 791 F.2d at 877.

Next, Dr. Berrey's 2011 letter and 2012 disability certification were not material evidence, as there is no reasonable possibility that they would change the administrative outcome. *See id.* The ALJ found that Plaintiff had healed successfully from the fractures that she suffered in the 2003 car accident. (Tr. at 31). More specifically, the ALJ discussed the medical evidence showing that by February 2004, Plaintiff was walking without support and that she did not return for additional medical care until June 2006. (*Id.* at 31, 285, 287). As the ALJ explained, the June 2006 visit was to address some ankle swelling and warmth caused by "rough" activity and increased outdoor activities. (*Id.* at 31, 285). At that visit, Plaintiff had some reduced range of motion in her ankle, but her muscle strength was 5/5. (*Id.*). Plaintiff did not return for additional care until 2011, which was after her last insured date. (*Id.* at 31, 320). Based on Plaintiff's successful recovery after her fractures, her infrequent and conservative care of her fractures, and few positive examination findings, the ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not credible to the extent that

they were inconsistent with the RFC.  (*Id.* at 32).  As to Plaintiff's conservative care for her leg pain and swelling, the ALJ noted that Plaintiff relied on elevating her leg, icing her leg, avoiding strong medications, and using a muscle relaxant only at night.  (*Id.* at 32, 56-57).

It is not reasonably probable that Dr. Berrey's 2011 and 2012 submissions would change these conclusions.  *See Caulder*, 791 F.2d at 877.  Dr. Berrey's 2011 letter merely confirms that Plaintiff underwent several surgeries for her fractures, that her fractures healed satisfactorily, and that she had residual pain from her fractures.  (*See* Tr. at 413).  The letter sheds no light on the severity of Plaintiff's residual pain or how that pain might impact or limit Plaintiff's activities.  *See Moore*, 405 F.3d at 1213 n.6.  Similarly, in the 2012 disability certification, Dr. Berrey merely checked a box indicating that Plaintiff was totally and permanently disabled and noted that she used a motorized scooter to travel long distances, such as in the grocery store, but did not explain what her impairment was or why her impairment was severe enough to constitute a total and permanent disability.  *See id.*; (Tr. at 414).  As to the notation regarding Plaintiff's use of a motorized scooter, Dr. Berrey referred to Plaintiff using a scooter to travel long distances, but did not specify how long Plaintiff could stand or what distances she could walk.  (*See* Tr. at 414).  Plaintiff bore the burden of proving that she could not perform her past relevant work, and she has not shown how her use of a motorized scooter to travel long distances would prevent her from working as a bookkeeper, secretary, or office manager.  *See Yuckert*, 482 U.S. at 146 n.5; (Tr. at 33).  Thus, Dr. Berrey's 2011 and 2012 submissions were not material evidence, and the Appeals Council did not err in denying review.  *See Ingram*, 496 F.3d at 1261.

Finally, on appeal, Plaintiff relies on *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980), and *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011), to support her argument that the Appeals Council did not sufficiently explain its denial of review.  (*See* Doc. 13

at 17-18).  In *Epps*, the Appeals Council received new evidence regarding the claimant's back pain and relevant treatment.  624 F.2d at 1273.  The Appeals Council noted that it had considered the new evidence, but found the ALJ's decision to be correct without further explanation.  *Id.*  The Fifth Circuit remanded the case, explaining that the ALJ had based his finding that the claimant's back problem was not disabling largely on the claimant not requiring radical treatment.  *Id.*  The evidence submitted to the Appeals Council, however, showed that conservative treatment had been unsuccessful and that the claimant had been referred for consideration of more radical treatment.  *Id.*  The claimant's orthopaedic surgeon also informed the Appeals Council that surgery would not increase the claimant's productivity.  *Id.*  The Fifth Circuit stated that, because the Appeals Council "perfunctorily adhered" to the ALJ's decision, the Court could not "hold that the Secretary's findings [were] supported by substantial evidence."  *Id.*  Similarly, in *Flowers*, the claimant submitted evidence to the Appeals Council, and though there was a reasonable possibility that the new evidence would change the result, the Appeals Council did not evaluate the evidence.  441 F. App'x at 745.  Thus, the Eleventh Circuit remanded the case with instructions that the Commissioner consider the new evidence in conjunction with the other evidence in the record.  *Id.* at 747.

As discussed above, the evidence that Plaintiff submitted to the Appeals Council—unlike the evidence in *Epps* and *Flowers*—was not material, as there was no reasonable possibility that it would change the administrative outcome.  Therefore, the Appeals Council was not required to provide a more thorough explanation of its denial of review.  *See Mansfield*, 395 F. App'x at 530.

## V.  RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ's decision should be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

**DONE AND ENTERED** in Ocala, Florida, on February 3, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge

All Counsel